IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

    v.

BRAD R. VOLKMANN,

    Defendant.

Case No. 15-cr-129-wmc

---

SENTENCING MEMORANDUM OF THE UNITED STATES

---

The United States of America, by John W. Vaudreuil, United States Attorney for the Western District of Wisconsin, by Stephen P. Sinnott, First Assistant U.S. Attorney for that district, hereby submits this memorandum regarding the sentencing in this case.

On November 9, 2015, the defendant pleaded guilty to a one-count information charging him with wire fraud, in violation of 18 U.S.C. § 1343. He is scheduled to be sentenced by this Court on February 5, 2016.

The PSR calculates an advisory guideline range of 27 to 33 months. (dkt. 14, ¶ 66). Neither party filed an objection to the guideline calculation. The defense has requested a probationary sentence, with a period of home confinement. Consistent with the plea agreement, the United States recommends a sentence at the lowest end of the guideline range as determined by the Court. This recommendation is based on two factors:

- First, the defendant immediately and fully cooperated by taking affirmative steps to resolve this matter. (The Defendant's Sentencing Memorandum fairly and

accurately describes the extent and nature of his cooperation. During the FBI's investigation of this matter, agents contacted Mr. Volkmann and asked if he would meet with them. He immediately retained counsel and promptly proffered pursuant to a standard proffer letter. In the course of his proffer, Mr. Volkmann provided detailed information and assisted the agents in determining the scope of the embezzlement.)

- Second, prior to sentencing, Mr. Volkmann liquidated his retirement account and paid the net amount -- $250,000 -- toward restitution.

For these reasons, Mr. Volkmann's acceptance of responsibility has been extraordinary.

Regarding restitution, in the plea agreement the defendant agreed to pay full restitution in the amount of at least $250,000 and reserved the right to argue that restitution should not exceed $250,000. After pleading guilty, the defendant waived his right to make such an argument and now agrees that the appropriate amount of restitution is $375,000. He recently liquidated his retirement account and deposited $250,000 with the Court as partial payment of the restitution. He agrees that the remaining $125,000 is due and payable as restitution, an outcome that is agreeable to the victim. Accordingly, the United States asks the Court to order restitution in the amount of $375,000, reduced by $250,000 (the amount paid by defendant prior to sentencing), leaving a balance due and payable of $125,000.

Dated this 1st day of February 2016.

        Respectfully submitted,

        JOHN W. VAUDREUIL
        United States Attorney

By:      /s/
        STEPHEN P. SINNOTT
        First Assistant U.S. Attorney