# United States District Court
## Western District of Wisconsin

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| | (for offenses committed on or after November 1, 1987) |
| V. | **Case Number:** 0758 3:15CR00129-001 |
| BRAD R. VOLKMANN | **Defendant's Attorney:** Jonathan Andrew LaVoy |

The defendant, Brad R. Volkmann, pleaded guilty to Count 1 of the information.

The defendant has been advised of his right to appeal.

**ACCORDINGLY**, the court has adjudicated defendant guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. § 1343 | Wire Fraud, a Class C Felony | January 6, 2014 | 1 |

The defendant is sentenced as provided in pages 2 through 7 of this judgment.   The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.   If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.**

| | | |
|---|---|---|
| **Defendant's Date of Birth:** | ███ 1959 | February 18, 2016 |
| **Defendant's USM No.:** | 09250-090 | Date of Imposition of Judgment |
| **Defendant's Residence Address:** | Pewaukee, Wisconsin ███ (262) 367-7115 | */s/ William Conley* |
| **Defendant's Mailing Address:** | Pewaukee, Wisconsin ███ (262) 367-7115 | William M. Conley District Judge |
| | | February 19, 2016 |
| | | Date Signed: |

DEFENDANT:    BRAD R. VOLKMANN
CASE NUMBER:    0758 3:15CR00129-001

AO 245 B (Rev. 3/01)(N.H. Rev.)                                                                                                      Judgment - Page 2

# IMPRISONMENT

As to Count 1 of the information, it is adjudged that the defendant is committed to the custody of the Bureau of Prisons for a term of 18 months. Given his age, mental health status, non-violent crime and possible vulnerability, I strongly recommend that the defendant's placement be at the lowest security facility appropriate that is as close to his family in Pewaukee, Wisconsin, as possible. I also recommend that the defendant receive educational and vocational training as well as mental health treatment.  It is also recommended that the defendant be afforded prerelease placement in a residential reentry center with work release privileges.

The U.S. Probation Office is to notify local law enforcement agencies, and the state attorney general, of defendant's release to the community.

The defendant presents neither a flight risk nor a danger to the community.  Therefore, execution of the sentence of imprisonment is stayed until March 18, 2016, when he is to report to an institution to be designated by the Bureau of Prisons between the hours of 10 a.m. and 2 p.m.   His conditions of pretrial services supervision, including keeping all mental health appointments, are continued until he reports to begin serving his sentence of imprisonment

# RETURN

**I have executed this judgment as follows:**

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
United States Marshal

By _____
Deputy Marshal

# SUPERVISED RELEASE

The term of imprisonment is to be followed by a two-year term of supervised release subject to the standard and special conditions proposed in the presentence report, noting that neither party has raised any objections to those proposals. Pursuant to the Sentencing Reform Act of 1984, the primary goals of supervised release are to assist defendants' transition into the community after a term of imprisonment and to provide rehabilitation. Supervision in this case will provide the defendant with needed correctional programming, including rehabilitative programs, assist with community reintegration; afford adequate deterrence to further criminal conduct; and protect the public from further crimes perpetrated by the defendant.

While on supervised release, the defendant is subject to conditions number 1 through 4, 8, 9, and 11 through 17, as set forth in the appendix of the presentence report. The imposed conditions are warranted based on the defendant's offense of conviction, which involved the embezzlement of money from his employer, which he used primarily for personal expenses and purchases, including trips. The defendant has a limited mental health history. The probation office will need to monitor and ensure the defendant is maintaining employment; meeting his financial obligations; living within his means and committing no new law violations; as well as notifying third parties, such as employers, about the risks associated with his offense.

If, when the defendant is released from confinement to begin his term of supervised release, either the defendant or the supervising probation officer believes that any of the conditions imposed today are no longer appropriate, either one may petition the Court for review.

The instant offense is not drug-related and the defendant has no history of drug use. Therefore, the requirement for drug testing set forth at 18 U.S.C. § 3583(d) is waived.

---

Defendant is to abide by the statutory mandatory conditions.

## Statutory Mandatory Conditions

Defendant shall report to the probation office in the district to which defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

Defendant shall not commit another federal, state, or local crime.

Defendant shall not illegally possess a controlled substance.

If defendant has been convicted of a felony, defendant shall not possess a firearm, destructive device, or other dangerous weapon while on supervised release.

Defendant shall cooperate with the collection of DNA by the U.S. Justice Department and/or the U.S. Probation and Pretrial Services Office as required by Public Law 108-405.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Financial Penalties sheet of this judgment.

---

Defendant shall comply with the standard and special conditions that have been adopted by this court.

## Standard Conditions of Supervision

1) Defendant shall not leave the judicial district in which defendant is being supervised without the permission of the Court or probation officer;

2) Defendant is to report to the probation office as directed by the Court or probation officer and shall submit a complete written report within the first five days of each month, answer inquiries by the probation officer, and follow the officer's instructions.   The monthly report and the answer to inquiries shall be truthful in all respects unless a fully truthful statement would tend to incriminate defendant, in violation of defendant's constitutional rights, in which case defendant has the right to remain silent;

3) Defendant shall maintain lawful employment, seek lawful employment, or enroll and participate in a course of study or vocational training that will equip defendant for suitable employment, unless excused by the probation officer or the Court;

4) Defendant shall notify the probation officer within seventy-two hours of any change in residence, employer, or any change in job classification;

5) ~~Defendant shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;~~

6) ~~Defendant shall not visit places where defendant knows or has reason to believe controlled substances are illegally sold, used, distributed, or administered;~~

7) ~~Defendant shall not meet, communicate, or spend time with any persons defendant knows to be engaged in criminal activity or planning to engage in criminal activity;~~

8) Defendant shall permit a probation officer to visit defendant at home, work, or elsewhere at any reasonable time and shall permit confiscation of any contraband observed in plain view by the probation officer;

9) Defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

10) ~~Defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court;~~

11) As directed by the probation officer, defendant shall notify third parties of risks that may be occasioned by defendant's criminal record or personal history or characteristics.   The probation officer may also take steps to confirm defendant's compliance with this notification requirement or provide such notifications directly to third parties.

## Special Conditions of Release

12) Provide the supervising U.S. probation officer any and all requested financial information, including copies of state and federal tax returns;

13) Refrain from incurring new credit charges, opening additional lines of credit or opening other financial accounts without the prior approval of the supervising U.S. probation officer;

14) Not transfer, give away, sell or otherwise convey any asset worth more than $200 without the prior approval of the supervising U.S. probation officer;

15) File all tax returns in a timely manner and provide copies of all federal and state income returns to the supervising U.S. probation officer.   Defendant will apply 100% percent of defendant's yearly federal and state tax refunds toward payment of restitution;

16) Refrain from seeking or maintaining any employment that includes unsupervised financial or fiduciary-related duties, without the prior approval of the supervising U.S. probation officer; and

DEFENDANT:    BRAD R. VOLKMANN
AO 245 B (Rev. 3/01)(N.H. Rev.)              CASE NUMBER:    0758 3:15CR00129-001                              Judgment - Page 5

17)     Participate in mental health referral, assessment and treatment as approved by the supervising U.S. probation officer and comply with all rules, regulations and recommendations of the mental health agency or its representative to the extent approved by the supervising U.S. probation officer.   If defendant is eligible for funding from any source to cover the cost of treatment, defendant is to make reasonable efforts to obtain such funding.   Participation in treatment does not require payment by defendant unless it is clear defendant can afford it.   Defendant shall take any medications prescribed by a licensed medical provider.

ACKNOWLEDGMENT OF CONDITIONS

I have read or have had read to me the conditions of supervision set forth in this judgment, and I fully understand them. I have been provided a copy of them.   I understand that upon finding a violation of probation or supervised release, the Court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

_____          _____
Defendant                                                     Date

_____          _____
U.S. Probation Officer                                  Date

# CRIMINAL MONETARY PENALTIES

Defendant shall pay the following total financial penalties in accordance with the schedule of payments set forth below.

| Count | Assessment | Fine | Restitution |
|-------|-----------|------|-------------|
| 1 | $100.00 | $0.00 | $375,000.00 |
| **Total** | $100.00 | $0.00 | $375,000.00 |

It is adjudged that the defendant is to pay a $100 criminal assessment penalty to the Clerk of Court for the Western District of Wisconsin immediately following sentencing.

# RESTITUTION

The defendant is to pay mandatory restitution in the amount of $375,000.00 to the U.S. Clerk of Court for the Western District of Wisconsin to be disbursed to the victim as follows:

James Hemmings
DVP, Senior Litigation Counsel
Spectrum Brands, Inc.
PO Box 620992
Middleton, Wisconsin 53562

Consistent with his payment of $250,000.00 to the Clerk already, $125,000.00 remains to be paid.   I find that the defendant does not currently have the economic resources to allow him to make full payment of restitution in the foreseeable future under any reasonable schedule of payments. Pursuant to 18 U.S.C. § 3664(f)(3)(B), he is to begin making nominal payments of a minimum of $200 each month, beginning within 30 days of the defendant's release from custody.   The defendant shall notify the Court and the United States Attorney General of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution.

No interest is to accrue on the unpaid portion of the restitution.

The defendant does not have the means to pay a fine under § 5E1.2(c) without impairing his ability to support himself and his family upon release from custody.

DEFENDANT:   BRAD R. VOLKMANN
CASE NUMBER:   0758 3:15CR00129-001

AO 245 B (Rev. 3/01)(N.H. Rev.)

Judgment - Page 7

# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order:

(1) assessment;
(2) restitution;
(3) fine principal;
(4) cost of prosecution;
(5) interest;
(6) penalties.

The total fine and other monetary penalties shall be due in full immediately unless otherwise stated elsewhere.

Unless the court has expressly ordered otherwise in the special instructions above, if the judgment imposes a period of imprisonment, payment of monetary penalties shall be due during the period of imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of court, unless otherwise directed by the court, the probation officer, or the United States Attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

In the event of a civil settlement between victim and defendant, defendant must provide evidence of such payments or settlement to the Court, U.S. Probation office, and U.S. Attorney's office so that defendant's account can be credited.